PER CURIAM.
The Board of Nursing refused to renew Mrs. Oliff’s certificate as a Licensed Practical Nurse, rejecting the hearing officer’s finding of fact that Mrs. Oliff had indeed timely mailed her renewal application. We reverse and order the Board of Nursing to issue Mrs. Oliff a license for this year.
There was competent substantial evidence in the record to support the hearing officer’s finding that Mrs. Oliff mailed her renewal application. Even though the application was not received by the appropriate deadline, the Board’s own rule, Florida Administrative Code Rule 210-8.08, requires that renewal applications be mailed, not received, by March 31 of each year.
Section 120.57(l)(b)9, F.S. provides that an agency:
. may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence .
This court has held that the particularity required in such a circumstance is:
an explicit determination that the findings were not based upon competent substantial evidence or that they did not comport with the essential requirements of law. . . (emphasis supplied) Pasco Cty. Sch. Bd. v. Florida Public Emp. Rel. Comm., 353 So.2d 108, 115 (Fla. 1st DCA 1978)
Mrs. Oliff’s motion for attorney’s fees is granted, in the amount of $500.00.
MILLS, C. J., and ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.